UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY RANKIN                                        CIVIL ACTION

VERSUS                                                    NO. 25-623

JEFFERSON PARISH SHERIFF'S              SECTION "R" (2)
OFFICE, ET. AL

## ORDER AND REASONS

Before the Court is defendants Jefferson Parish Sheriff's Office, Nicki Garnier, Ivan R. Parker, and Hector Acosta's motion to dismiss for improper service.[1]  Plaintiff filed no opposition to the motion.  For the following reasons, the Court GRANTS in part and DENIES in part the motion to dismiss.

## I.    BACKGROUND

On March 31, 2025, plaintiff Bobby Rankin filed a complaint in this Court listing the Jefferson Parish Sheriff's Office (Sheriff's Office) and Deputy Does 1-6 as defendants.[2]  The complaint concerns allegations of constitutional violations stemming from a March 31, 2024, interaction between Rankin and Jefferson Parish Sheriff's Office deputies.  The Sheriff's

---

[1]    R. Doc. 16.
[2]    R. Doc. 1.

1

Office contends, and Rankin does not contest, that it never received service of the original complaint.

On June 2, 2025, Rankin amended his complaint, alleging constitutional violations against the Jefferson Parish Sheriff's Office and Lieutenant Nicki M. Garnier, Deputy Hector Acosta, and Deputy Ivan R. Parker (the individual defendants).[3] Plaintiff served the amended complaint on the Sheriff's Office and the individual defendants by July 22, 2025, well within the ninety-day limit.[4]

The Sheriff's Office and the individual defendants now move to dismiss, alleging that the Sheriff's Office is an improper party and that all defendants are entitled to dismissal without prejudice because the Sheriff's Office was not served within the ninety-day limit.[5]

The Court considers the motion below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed," the Court must

---

[3]    R. Doc. 8.

[4]    R. Docs. 10-14.

[5]    R. Doc. 16. While the title of the motion includes a reference to Fed. R. Civ. P. 12(b)(6), defendants make no arguments under that rule. The Court declines to rule without any argument on whether plaintiff has stated a claim upon which relief can be granted.

dismiss the action without prejudice as to that defendant.  Fed. R. Civ. P. 4(m).  Amending a complaint does not reset the 90-day service period as to the original defendant.  *See, e.g.*, *Brait Builders Corp. v. Massachusetts,* 644 F.3d 5, 9 (1st Cir. 2011); *Moore v. Walton*, 96 F.4th 616, 626 (3d. Cir. 2024); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006); *see also* 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1137 Time Limit for Service, (4th ed. 2025).

## III.  DISCUSSION

### A. Sheriff's Office

Rankin did not serve the Jefferson Parish Sheriff's Office within ninety days of filing the initial complaint.  Plaintiff has not provided any reason for the failure to effect proper service and thus has not made a showing of good cause for the failure to effect proper service.  As the Jefferson Parish Sheriff's Office was a defendant in the original complaint and never received timely service, the Court dismisses plaintiff's claims against the Jefferson Parish Sheriff's Office without prejudice under Fed. R. Civ. P. 4(m).

### B. Individual Defendants

The Fifth Circuit has not addressed the question of whether the filing of an amended complaint restarts the 90-day period during which plaintiff must serve newly added parties.  However, the courts of appeals that have

considered the issue have concluded that if the amendment adds new parties to the lawsuit, the 90-day period to serve those new parties begins to run from the date of the amendment.  *See, e.g.*, *Brait Builders Corp.*, 644 F.3d at 9; *Moore v. Walton*, 96 F.4th at 626; *Bolden*; 441 F.3d at 1148-49 (10th Cir. 2006); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004) (per curiam); *see also* 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1137 Time Limit for Service, (4th ed. 2025).

The individual defendants argue that they should be dismissed because they were not served within ninety days of the original complaint.  This Court finds persuasive the decisions of the First, Third, Eighth, and Tenth Circuits holding that an amended complaint resets the ninety-day limit as to newly added parties.  *Id.*  Here, the individual defendants were served well within ninety days from June 2, 2025.  All three individual defendants' summons were returned executed on July 22, 2025.[6]  Therefore, Rankin properly served the individual defendants.  The motion to dismiss for untimely service as to the individual defendants is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims against the Jefferson Parish Sheriff's Office WITHOUT PREJUDICE for

---

[6]    R. Docs. 10-14.

failure to effect timely service under Federal Rule of Civil Procedure 4(m).

The Court DENIES the motion to dismiss as to the remaining defendants.

New Orleans, Louisiana, this 29th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE