UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBY RANKIN | * | CIVIL ACTION |
| VERSUS | * | NO. 25-623 |
| JEFFERSON PARISH SHERIFF'S OFFICE, ET AL. | * | SECTION "R" (2) |

**ORDER AND REASONS**

The Motion for More Definite Statement filed by Defendants Sheriff Joseph Lopinto, Lieutenant Nicki M. Garnier, Deputy Hector Acosta, and Deputy Ivan R. Parker is pending before me in this matter. ECF No. 37. The motion was scheduled for submission on January 21, 2026. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, January 13, 2026. *See* E.D. La. L.R. 7.5.

**I.    BACKGROUND**

Plaintiff filed this § 1983 suit against the Jefferson Parish Sheriff's Office and several deputies seeking damage arising from a March 31, 2024, arrest. ECF No. 1. In a Second Amended Complaint, Plaintiff added Sheriff Joseph Lopinto. ECF No. 31. In response, Sheriff Lopinto and other defendants have filed this Motion for More Definite Statement. ECF No. 37.

**II.    APPLICABLE LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not provide "detailed factual allegations" but must provide the plaintiff's grounds for entitlement to relief.[1] To satisfy Rule 8, the complaint must provide the defendant with fair notice of what

---

[1] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

1

plaintiff's claim is and the grounds upon which it rests.[2]

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[3] A Rule 12(e) motion must state the defects in the pleading and the details desired.[4] Rule 12(e) essentially provides a remedy for unintelligible pleadings and is successfully invoked where "(1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice."[5] Although motions for more definite statements are generally disfavored because of Rule 8's liberal pleading standards,[6] when a pleading "fails to specify the allegations in a manner that provides sufficient notice," a Rule 12(e) motion may be appropriate.[7]

The capacity in which Plaintiff sues Sheriff Lopinto implicates differing potential defenses, such as qualified immunity. Courts thus grant Rule 12(e) motions to require a plaintiff to specify in what capacity a sheriff is being sued (official or individual).[8]

Considering the record, the lack of opposition, and applicable law, and finding that the motion has merit,

IT IS ORDERED that the Motion for More Definite Statement (ECF No. 37) is

---

[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).
[3] FED. R. CIV. P. 12(e). Rule 12(e) looks to "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer." *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations and internal quotations omitted); *see also Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.) (noting the standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it" (quoting *Advanced Commc'ns Techs., Inc. v. Li*, No. 05-4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005))).
[4] *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 590 (E.D. La. 2014) (Vance, J.).
[5] *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Par. Gov't*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. Apr. 23, 2010) (citations omitted).
[6] *Alford*, 13 F. Supp. 3d at 590 (citations omitted). Rule 8 simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and its basis. *Id.* at 590-91 (citations omitted).
[7] *Swierkiewicz*, 534 U.S. at 514.
[8] *See Bibb v. Montgomery Cnty. Sheriff*, No. 13-3736, 2014 WL 3828232, at *7 (S.D. Tex. July 30, 2014); *see also Ishman v. Mason*, No. 20-442, 2023 WL 4635046, at *3 (S.D. Miss. July 19, 2023) (noting that party was free to file Rule 12(e) motion if it was unclear whether the sheriff was sued in official or individual capacity).

GRANTED.

IT IS FURTHER ORDERED that, within 14 days, Plaintiff file an amended complaint (1) specifying whether Plaintiff's claims against Sheriff Lopinto are premised on § 1983, Louisiana state law, or both; (2) delineating the capacity in which he seeks to hold Sheriff Lopinto liable; and (3) identifying what state law tort claims are asserted against the deputies for which Sheriff Lopinto is alleged to be liable under *respondeat superior*.

New Orleans, Louisiana, this 21st day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE